FILED & ENTERED

OCT 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:23-bk-13691-WJ |
| WAGNER A. LEMUS, | CHAPTER 11 (Subchapter V) |
| Debtor. | **MEMORANDUM OF DECISION REGARDING THE MOTION OF THE DEBTOR REGARDING DISMISSAL OF THE CASE** |

The Court has reviewed the motion of the debtor, Wagner A. Lemus ("Debtor"), entitled "Debtor's Motion for Reconsideration of Order Dismissing Case and Extending Time to File Documents" [docket #21] ("Motion"). For the following reasons, the Court denies the Motion.

## I. JURISDICTION.

The bankruptcy court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334(b). The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

## II. FACTUAL BACKGROUND.

On August 17, 2023, the Debtor filed a chapter 11 subchapter V bankruptcy petition.[1] In doing so, the Debtor did not file all required case initiation documents. As a result, the Court issued several deficiency notices.

Specifically, the Court issued a "Case Commencement Deficiency Notice" on that same day (August 17, 2023) [docket #1-1] which advised the Debtor of various deficiencies and directed the Debtor to cure the deficiencies. That document stated (among other things) that "YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES". Pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure, the notice gave the Debtor fourteen days to fix the errors and stated "[y]ou must cure the following within 14 days from filing of your petition."

Likewise, the clerk of the Court also issued a "Notice of Case Deficiency Under 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 1007" [docket #1-2] which listed additional deficiencies. That order stated that "you must file the following documents within 14 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so."

Unfortunately, the Debtor did not cure all the deficiencies. While the Debtor did file certain documents, the Debtor failed to file the required Declaration by Debtor(s) as to Whether

---

[1] The caption of the Motion incorrectly states that this is a chapter 7 case.

- 2 -

1  Income was Received From an Employer within 60 Days of the Petition Date [11 U.S.C.

2  § 521(a)(1)(B)(iv)] (LBR Form F1002−1).  The clerk of the Court alerted the Debtor and counsel

3  for the Debtor regarding this deficiency in the "Case Commencement Deficiency Notice"

4  [docket #1-1] but the Debtor failed to file it by the deadline.  For that reason, the clerk of the

5  Court automatically dismissed the case on October 3, 2023.  See Docket #20.

### III.  THE CLERK OF THE COURT FOLLOWED THE CORRECT PROCEDURE.

The clerk of the Court followed the correct procedure.  All debtors must file with their bankruptcy petition proof of wage income for the last sixty days pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) ("The debtor shall file . . . copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor . . . .").  Rule 1007(c) of the Federal Rules of Bankruptcy Procedure states that debtors must file such documents "with the petition or within 14 days thereafter . . . ."

Unfortunately, the Debtor did not file with the petition the "Declaration by Debtor(s) as to Whether Income was Received From an Employer within 60 Days of the Petition Date" with paystubs as required by 11 U.S.C. § 521(a)(1)(B)(iv).  Therefore, the clerk of the Court sent a deficiency notice to the Debtor and counsel for the Debtor on August 17th that advised them to correct this deficiency (and other deficiencies) and warned of dismissal in fourteen days (August 31st).  Unfortunately, the Debtor did not cure this deficiency within fourteen days.

Nevertheless, the clerk of the Court still provided the Debtor with another month to correct this deficiency.  The clerk of the Court (erroneously) waited until the 45-day period in 11 U.S.C. § 521(i)(1) passed before dismissing this case.  That 45-day period, however, applies in chapter 7 and chapter 13 cases, not chapter 11 cases.

Nevertheless, even though the clerk of the Court gave the Debtor additional time, the Debtor failed to act.  Once the deadline passed, the clerk of the Court has an automated procedure which dismisses cases (after providing notice and an opportunity to cure) whenever case initiation documents are not filed at all, not filed on time or when they lack the required information.

The Court is not willing to disturb this procedure established by the clerk of the Court.  The

procedure makes sense.  The clerk of the Court specifically warned the Debtor regarding the need to file the missing document with the needed information and documents.  The Debtor did not do so.  As a result, the Debtor failed to comply with applicable law.

### IV.  THE CASE WAS PROPERLY DISMISSED.

The Motion does not provide sufficient cause to vacate the dismissal order.  The Motion concedes that the Debtor failed to timely file documents in this case.  Nevertheless, the Motion urges the Court to not enforce the filing deadlines.  However, courts must be cautious when debtors ask courts to not enforce deadlines.

Counsel for the Debtor has asked the Court to not enforce the deadline but the Court is uncomfortable with this request because the appellate courts regularly enforce deadlines in bankruptcy cases.  It has been said that "[t]he law favors the diligent and punishes the sluggards." Hines v. Driver, 100 Ind. 315, 321 (Ind. 1885).  Creditors and bankruptcy trustees often bear the brunt of such thoughts.  Courts often remind creditors that "the law favors diligent creditors." Shepler v. Whalen, 119 P.3d 1084, 1090 (Colo. 2005); In re Welch, 2015 Bankr. LEXIS 17, *13 (9th Cir. BAP 2015) (affirming a bankruptcy court that denied an untimely motion by creditors and stating "equity assists the vigilant and diligent, not those who sleep on their rights"); Myers v. Mott, 29 Cal. 359, 375 (Cal. 1866) ("The law favors the diligent, and not those who sleep on their rights."); In re GSYS Enterprises, 343 B.R. 568, 571 (Bankr. N.D. Tex. 2006) ("It is a familiar maxim that equity favors the diligent and not those who sleep on their rights.").

The volumes and pages of the Bankruptcy Reporter teem with cases involving creditors who fail to timely perfect a lien and, as a consequence, regularly find their liens avoided under the weight and power of a bankruptcy trustee's strong-arm powers or other avoidance powers. See, e.g., In re Keidel, 613 F.2d 172 (7th Cir. 1980) (affirming a bankruptcy court that voided a lien of a creditor who failed to perfect its lien timely and mentioning the "strong policy favoring diligence in perfection").  For example, in Fidelity Financial Services, Inc. v. Fink, 118 S.Ct. 651 (1998) a debtor bought a car and financed the transaction.  The lender, however, was one day late in perfecting the lien against the car.  It perfected the lien twenty-one days after the purchase but

the deadline was twenty days.  Even though the creditor missed the deadline by only one day, the bankruptcy court avoided the lien.  The district court, the court of appeals and the Supreme Court affirmed.

The Ninth Circuit Court of Appeals ruled similarly in USAA Federal Savings Bank v. Thacker, 599 F.3d 880 (9th Cir. 2010).  In that case, another car lender missed the deadline for perfecting a car lien by a single day.  Following the Supreme Court in Fink, the Ninth Circuit held the security interest was avoidable.

Bankruptcy courts and appellate courts repeatedly encourage creditors and trustees to act diligently.  For example, in 1992 the Supreme Court ruled against a bankruptcy trustee who did not act timely and the court stated that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Taylor v. Freeland & Kronz, 503 U.S. 638 (1992).  Likewise, about twenty years later, the Ninth Circuit ruled against a creditor that missed a deadline by only twenty-six minutes and stated the following: "The humorist Douglas Adams was fond of saying, 'I love deadlines.  I love the whooshing sound they make as they fly by.' But the law more often follows Benjamin Franklin's stern admonition: 'You may delay, but time will not.'  To paraphrase Émile Zola, deadlines are often the terrible anvil on which a legal result is forged." Anwar v. Johnson, 720 F.3d 1183, 1184 (9th Cir. 2013).

In Taylor, a debtor asserted an exemption in an asset that was completely invalid.  The asserted exemption had no basis in law.  However, the creditors and the trustee failed to object timely.  When the trustee filed a late objection, the Supreme Court ruled that the objection must fail because it was untimely even if the claim of exemption was "meritless".  As a result, the debtor was able to retain an asset as exempt even though the exemption was entirely invalid simply because the trustee had not filed the objection by the designated deadline.

Similarly, in Anwar, a creditor filed a complaint objecting to the discharge of a debt twenty-six minutes after the deadline.  Counsel for the creditor had some computer problems and narrowly missed the midnight deadline to file the complaint.  The complaint was filed at 12:26 a.m. the day after the deadline and the Ninth Circuit ruled that the complaint must be dismissed due to untimeliness. Anwar, 720 F.3d at 1189.

In reaching this decision, the Ninth Circuit followed numerous prior cases in which complaints filed late by creditors have been dismissed. Indeed, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") has considered many of these types of cases and, in the process, has consistently refused to excuse untimeliness by creditors under virtually every conceivable set of facts. The BAP has repeatedly rejected complaints by creditors filed late by merely three days,[2] two days,[3] and a single day.[4] The BAP has refused to rule in favor of creditors even when strong equitable grounds have been presented such as when a natural disaster interfered with the creditor's ability to comply with the deadline.[5]

If courts intend to treat debtors and creditors equally in bankruptcy cases, then they must enforce deadlines evenly. Deadlines pertaining to actions by debtors must be enforced as readily as deadlines that affect trustees or creditors. To do otherwise would constitute bias in favor of debtors. Courts need to avoid taking steps or other actions that would give debtors better treatment when missing deadlines than creditors or trustees.

In addition, it should be noted that enforcing the deadline in this case will have far less impact on the Debtor than enforcement of other deadlines has upon creditors and trustees. As demonstrated in Taylor, when a trustee misses a deadline to object to an exemption, the consequence is permanent. The trustee never has another opportunity to object to the exemption. The asset belongs to the debtor irrevocably.

Likewise, when a creditor misses the deadline to object to discharge or the dischargeability

---

[2] Schunck v. Santos (In re Santos), 112 B.R. 1001, 1009 (9th Cir. BAP 1990). See also Classic Auto Refinishing, Inc. v. Marino (In re Marino), 143 B.R. 728 (9th Cir. BAP 1992) (court dismissed a complaint filed ten days late); Stackhouse v. Hudson (In re Hudson), 73 B.R. 649 (9th Cir. BAP 1987), rev'd on other grounds, 859 F.2d 1418 (9th Cir. 1988) (BAP rejects an action asserted seventeen days late).

[3] The BAP has often rejected complaints filed by creditors two days late. Moody v. Bucknum (In re Bucknum), 105 B.R. 25 (9th Cir. BAP 1990); Merenda v. Brown (In re Brown), 102 B.R. 187 (9th Cir. BAP 1989); Loma Linda Univ. Medical Ctr. v. Neese (In re Neese), 87 B.R. 609 (9th Cir. BAP 1988).

[4] Buckeye Gas Prod. Co. v. Rhodes (In re Rhodes), 71 B.R. 206 (9th Cir. BAP 1987).

[5] Merenda v. Brown (In re Brown), 102 B.R. 187 (9th Cir. BAP 1989). In Brown, a major wildfire raged during the week immediately prior to the filing deadline. The fire burned 33,000 acres and destroyed 160 homes. The affected areas were declared disaster areas by both state and federal governments. During the fire, the creditor was forced to evacuate her home. Both of her attorneys, as volunteer firemen, were involved in 'fire suppression activities' during a portion of the week before the filing deadline. Nevertheless, both the bankruptcy court and the BAP dismissed the dischargeability complaint filed two days late. Id.

of a debt, the dismissal of the late filed complaint is effectively with prejudice. The creditor never has another opportunity to file an objection. The opportunity to object to discharge or to the dischargeability of debt is lost permanently.

Not so in this case. The clerk of the Court did not dismiss this case with prejudice. The clerk of the Court did not dismiss this case with any bar to re-filing. Consequently, the dismissal does not prevent the Debtor from immediately filing a new case and achieving all bankruptcy objectives. Unlike the trustee in Taylor or the creditor in Anwar, the Debtor in this case has retained all rights and can simply proceed with a new bankruptcy case at the convenience of the Debtor.

As a result, in considering the Motion, the Court must weigh two options: (1) reinstate this case or (2) encourage the Debtor to simply file a new case. In weighing these options, the Court has considered the following factors.

First, the Debtor relies upon the case of In re Warren, 568 F.3d 1113, 1118 (9th Cir. 2009) in the Motion but this case is clearly inapposite. In Warren, the debtors intentionally refused to file case initiation documents timely in the hope that the bankruptcy court would automatically dismiss their case. The bankruptcy court and the Ninth Circuit held that the bankruptcy court had the authority to prevent this result in order to prevent bankruptcy abuse. The Ninth Circuit decision in Warren was specifically based on the need to prevent attempts by "abusive and manipulative debtors to gain automatic dismissal and thereby encourage bankruptcy abuse." Id.

In other words, the debtors in Warren were engaging in bankruptcy abuse by intentionally refusing to file documents. The debtors in Warren filed two motions to dismiss their case asking the bankruptcy court to dismiss their case based on their intentional refusal to file documents. The bankruptcy trustee opposed this relief and the bankruptcy court and the Ninth Circuit refused to permit this result.

That is not what has occurred in this case. The Court has no evidence that the Debtor acted in bad faith. Indeed, the Motion clearly indicates that the Debtor intended to file the required documents but inadvertently failed to do so. Thus, the Warren facts (and holding) are much different.

Second, a review of applicable case law demonstrates that the standard for vacating an order of a federal court is high. Federal courts have repeatedly held that "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." <u>Karraker v. Rent-A-Center, Inc.</u>, 411 F.3d 831, 837 (7th Cir. 2005). The United States Supreme Court, the appellate courts, trial courts and bankruptcy courts have stated countless times that Rule 60(b) relief is an "extraordinary remedy" that should be granted only in "exceptional circumstances". <u>Ackermann v. United States</u>, 340 U.S. 193, 202 (1950) (denying relief under Rule 60(b) and stating that neither the "circumstances" nor the "excuse" of the party seeking Rule 60(b) relief was "extraordinary"); <u>Wirum v. Root-Hyler (In re Hyler)</u>, 2009 Bankr. LEXIS 2499, *5 (N.D. Cal. 2009) (denying a motion by a debtor for relief from an order under Rule 60(b)(1) and stating that "Rule 60(b) relief is an extraordinary remedy that should be granted only in exceptional circumstances."); <u>Tanke v. Chertoff</u>, 2010 U.S. Dist. LEXIS 144522 (D. Mont. 2010) (denying a request for relief under Rule 60(b)(3) and stating that "Rule 60(b)(3) relief is an extraordinary remedy and is granted only in exceptional circumstances."); <u>Clark v. County of Tulare</u>, 755 F. Supp. 2d 1075, 1099 (E.D. Cal. 2010) (denying relief under Rule 60(b) and stating that "[b]oth parties acknowledge that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."); <u>United States v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001) ("Relief under Rule 60(b)(2) 'is an extraordinary remedy that is to be granted only in exceptional circumstances.'"); <u>Colby B. Found. v. United States,</u> 1997 U.S. Dist. LEXIS 20100, *3 (D. Or. 1997) (denying a request for relief under Rule 60(b) and stating that "'Relief from judgment under Rule 60(b) is an extraordinary remedy which may be granted only upon showing of exceptional circumstances.'"); <u>Sellers v. Mineta</u>, 350 F.3d 706, 716 (8th Cir. 2003) (denying a request for relief under Rule 60(b) and stating that "Rule 60(b) provides extraordinary relief in exceptional circumstances."); <u>Farmers Co-operative Elevator Asso. v. Strand</u>, 382 F.2d 224, 232 (8th Cir. 1967) (denying relief under Rule 60(b) and stating that "it is established law that 60(b) motions provide for extraordinary relief and that they may be invoked only upon a showing of exceptional circumstances . . . ."), <u>cert</u>. denied, 389 U.S. 1014, 88 S. Ct. 589, 19 L. Ed. 2d 659 (1967); <u>United States v. Young</u>, 806 F.2d 805 (8th Cir. 1986) (denying

relief under Rule 60(b) and stating that "Rule 60(b) . . . provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."), cert. denied, 404 U.S. 836 (1987); Atkinson v. Prudential Property Co., 43 F.3d 367, 371 (8th Cir. 1994) (denying relief under Rule 60(b) and stating that "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'"); Di Vito v. Fidelity & Deposit Co., 361 F.2d 936, 938 (7th Cir. 1966) (denying relief under Rule 60(b)(3) and stating that "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."); Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977) (denying relief under Rule 60(b)(1) and (b)(6) and stating that "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."); Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., 131 F.3d 625, 628 (7th Cir. 1997) (denying relief under Rule 60(b)(5) and (b)(6) and stating "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."); Dickerson v. Board of Educ., 32 F.3d 1114, 1116 (7th Cir. 1994) (denying relief under Rule 60(b) and stating "It is well-established that Rule 60(b) relief 'is an extraordinary remedy and is granted only in exceptional circumstances.'"); Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000) (denying relief under Rule 60(b) and stating such relief is "'extraordinary and may only be granted in exceptional circumstances.'"); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990) (denying relief under Rule 60(b) and stating that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."); In re Ausmus, 2015 Bankr. LEXIS 2779, *9 (Bankr. W.D. Ky 2015) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."); DeHart v. Lampman (In re Lampman), 494 B.R. 218, 222 (Bankr. M.D.Pa. 2013) (denying a request to vacate a dismissal order and stating that "[t]he remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."); In re Messbauer, 2015 Bankr. LEXIS 2729 (Bankr. M.D. Fla. 2015) (denying a motion by a chapter 13 debtor to vacate a dismissal order and stating: "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it. The

1   party seeking such extraordinary relief from a final judgment bears a heavy burden."); Cole v.

2   Household Finance (In re Cole), 382 B.R. 20, 25 (Bankr. E.D.N.Y. 2008) (denying a motion by a

3   chapter 13 debtor to vacate the dismissal order and stating that "[r]elief under Rule 60(b)(6) may

4   only be granted under 'extraordinary circumstances'" and finding that "there is no 'extraordinary

5   circumstance' warranting relief from the dismissal order."); In re Bailey, 2009 Bankr. LEXIS

6   3413, *5 (Bankr. N.D. Ga. 2009) (denying a motion by a chapter 13 debtor to vacate a dismissal

7   order and finding that relief under Rule 60(b) was not warranted because (among other things)

8   "the delay in filing the motion – four weeks after the dismissal of the case – weighs against relief

9   [because] [i]n the time between the dismissal of the case and the filing of the motion, creditors

10   may have taken steps to exercise nonbankruptcy rights on the (rightful) assumption that a case is

11   dismissed."); Rivera v. ASUME, 486 B.R. 574, 577 (1st Cir. BAP 2013) (affirming a bankruptcy

12   court denying a motion by a chapter 13 debtor to vacate an order dismissing the case and stating

13   that a "bankruptcy court's decision to deny relief from an order is reviewed for abuse of

14   discretion" and that appellate "review of a bankruptcy court's broad discretion with respect to a

15   denial of a Rule 60(b) motion should be undertaken 'with 'the understanding that relief under

16   Rule 60(b) is extraordinary in nature and that motions invoking the Rule should be granted

17   sparingly.''"); Messerschmitt v. Reiber, 1995 U.S. Dist. LEXIS 22861, *6 (W.D.N.Y. 1995)

18   (affirming a bankruptcy court order denying a motion by a chapter 13 debtor to vacate an order

19   dismissing the case and stating: "It is well settled that motions under Rule 60(b) are addressed to

20   the sound discretion of the court and are generally granted only upon a showing of exceptional

21   circumstances.  Appellate review of a decision to grant or deny relief under this Rule is restricted

22   to determining whether the Court abused its discretion.").

23       A request to vacate a dismissal order constitutes "extraordinary relief" which the courts

24   rarely grant.  Case law has repeatedly stated that vacating an order dismissing a bankruptcy case

25   is an "extraordinary remedy" which can only be granted in "exceptional circumstances."

26   Bernegger v. King, 2011 U.S. Dist. LEXIS 67716, *6 (E.D. Wis. 2011) (denying a request to

27   reinstate a dismissed chapter 13 case and stating that "[t]he Seventh Circuit has made clear that

28   'Rule 60(b) relief is an extraordinary remedy' which can be 'granted only in exceptional

1  circumstances.'").

2  For example, in Bernegger, a debtor filed a chapter 13 case and the bankruptcy court

3  confirmed a chapter 13 plan. However, the debtor defaulted in making plan payments and,

4  therefore, the court dismissed the case. The debtor then sought to reinstate the case. The

5  bankruptcy court rejected that request and the district court affirmed. The district court stated

6  that setting aside a dismissal order "'is an extraordinary remedy' which can be 'granted only in

7  exceptional circumstances.'" Id. at *6.

8  Likewise, in In re Mishoe-Hooper, 2012 Bankr. LEXIS 5076 (Bankr. E.D.N.C. 2012), a

9  chapter 13 case was dismissed after the debtor defaulted on a confirmed chapter 13 plan. The

10  court denied the debtor's motion to reinstate the case even though the debtor expressed a "desire

11  and willingness to cure this substantial arrearage . . . ." Id. at *3. Among other things, the court

12  indicated that the better option would be to simply file a new case. Id.

13  Similarly, in In re Rivera, 486 B.R. 574, 579 (1st Cir. BAP 2013), a bankruptcy court

14  denied a motion by a chapter 13 debtor to vacate an order dismissing the case. The case was

15  dismissed for (among other reasons) the failure of the debtor to "make any post petition DSO

16  payments . . . ." Id. at 576. On appeal, the BAP affirmed the trial court.

17  In In re Trevino, 2010 WL 1957206 (Bankr. N.D. Ala. 2010), the court dismissed a

18  chapter 13 case when the debtor failed to make plan payments or appear at the meeting of

19  creditors. The debtor filed a motion to vacate the dismissal order but the court denied the

20  motion. The court found that the debtor had failed to demonstrate any "extraordinary

21  circumstances" warranting vacating the dismissal order.

22  In summary, all of these decisions weigh against granting the Motion.

23  Third, in the Motion, the Debtor has not identified any hardship arising from the

24  dismissal of this case. No information of any kind is provided regarding any hardship. There is

25  no evidence at all of any problem that would arise if the Court simply enforced the dismissal

26  order in this case and the Debtor proceeded with a new case. See, e.g., In re Mishoe-Hooper,

27  2012 WL 5342148, *3 (Bankr. E.D.N.C. 2012) (refusing to reinstate a chapter 13 case that was

28  dismissed after the debtor defaulted post-confirmation because, among other things, the debtor

"failed to provide a plausible explanation for the decision to reopen her closed chapter 13 case in lieu of filing another voluntary petition.").

Fourth, the Debtor has not established that creditors, the trustee and the Court were not harmed by the delays in this case. When evaluating prejudice in a case, the moving party has a duty to establish the absence of prejudice to other parties. Rivera, 486 B.R. at 579 ("The debtor's assertion that he was prejudiced by the dismissal order is way off the mark. The prejudice factor to be measured is prejudice to the opposing party, not the one seeking relief.").

Fifth, the case is quite young.

Sixth, granting the Motion would require the Court to ignore the filing deadlines. As stated above, the Court is uncomfortable ignoring deadlines that apply to debtors when the courts are very strict in enforcing deadlines against creditors.

Seventh, counsel for the Debtor appears to suggest that attorney mistake justifies setting aside the dismissal order. But case law provides otherwise. The Debtor does not dispute that the case was properly dismissed and attorney mistake is usually not sufficient grounds to set aside a properly issued dismissal order.

The Ninth Circuit has specifically stated that "'[n]either ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1).'" Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992).[6] In Engleson, an attorney made a mistake in drafting a complaint. The district court granted Rule 60(b) relief but the Ninth Circuit disagreed and held that the district court abused its discretion. The Ninth Circuit stated that ignorance of the law by a lawyer "does not constitute excusable neglect" and, therefore, Rule 60(b) is not appropriate.

Similarly, in Ceniceros v. Yaqub (In re Ceniceros), 2012 Bankr. LEXIS 2563 at *28 (9th

---

[6] In Engleson, a court dismissed a complaint because counsel for the plaintiff made an error in the pleading. The party asked the court for relief and argued that the "error in pleading the incorrect jurisdictional statute was a 'technical error' justifying Rule 60(b) relief." Id. at 1043. The district court was sympathetic and granted the relief but the Ninth Circuit disagreed and stated that the district court "abused its discretion" in granting the relief. Id. at 1044. The Ninth Circuit stated that "counsel's ignorance of the statute that governs labor law disputes between a railway worker and his or her employer does not constitute excusable neglect" and, therefore, the "[a]ppellants have failed to demonstrate that they are entitled to relief under Rule 60(b)." Id. at 1044.

Cir. BAP 2012), the Ninth Circuit BAP stated that "ineffective legal representation . . . is not a highly unusual circumstance that warrants the extraordinary remedy of relief from a judgment or an order." In Ceniceros, the bankruptcy court dismissed a chapter 7 bankruptcy case due (in part) to ineffectiveness by counsel for the debtor and denied a motion to reconsider the dismissal. The BAP affirmed and held that "[r]econsideration of orders or judgments after their entry is an extraordinary remedy that courts should use sparingly 'in the interests of finality and conservation of judicial resources.'" Id. at *27 (quoting the Ninth Circuit Court of Appeals in Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

      The BAP in Ceniceros expressed empathy that the debtor suffered from insufficient legal representation but, nevertheless, held that "these are hardly extraordinary circumstances warranting reconsideration; sadly, ineffective legal representation is a circumstance that happens more often than we like to see. See, e.g., Herrero v. Guzman (In re Guzman), 2010 Bankr. LEXIS 5050, 2010 WL 625994 at *7 (9th Cir. BAP 2010) ("The Ninth Circuit has similarly found that attorney inexperience, poor litigation decisions, mistakes of law, or alleged malpractice are not encompassed under [Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)]'s excusable neglect analysis [for Rule 60(b) motions].") (collecting cases, citations omitted); Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir. 2006); Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004). It is not a highly unusual circumstance that warrants the extraordinary remedy of relief from a judgment or an order." Ceniceros at *28; see also, Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000) (denying relief under Rule 60(b) when counsel failed to understand the significance of pleadings received by counsel and failed to react timely, stating "inadvertence by an attorney is not a basis for relief under Rule 60(b)(1).")[7]; Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) (affirming a district court decision denying relief under

---

[7] In Paraclete, the district court entered judgment against an insurance company and served it upon local counsel (but not out of state lead counsel). Lead counsel did receive a copy of a motion to tax costs which referenced entry of the judgment but neither local counsel nor lead counsel took any timely action. Later, counsel filed a motion to vacate the judgment under Rule 60(b)(1) but it was untimely and the district court denied the motion. The court of appeals affirmed. Among other things, the court stated that "[n]otification of local counsel alone does not constitute unique or extraordinary circumstances . . . ." Id. at 1010.

- 13 -

Rule 60(b) when an attorney for the plaintiff failed to diligently prosecute a lawsuit and stating: "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).")[8]; Dickerson v. Board of Educ., 32 F.3d 1114, 1118 (7th Cir. 1994) (denying relief under Rule 60(b) and stating "this court has recently held that counsel's negligence, whether gross or otherwise, is never a ground for Rule 60(b) relief. See United States v. 7108 West Grand Avenue, 15 F.3d 632, 634-35 (7th Cir.), cert. denied, 114 S. Ct. 2691 (1994); see also Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 370 & n.1 (7th Cir. 1991) (counsel's negligence has never constituted ground for Rule 60(b) relief); Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1278 & n.1 (7th Cir. 1990) (rejecting the reasoning of L.P. Steuart)."); Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977) ("Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1). Bershad v. McDonough, 469 F.2d 1333, 1337 (7th Cir. 1972).").

### V.     PROBLEMS CAN ARISE WHEN DISMISSAL ORDERS ARE VACATED.

The Court is also uncomfortable granting the Motion by the Debtor for another reason. Specifically, setting aside a dismissal order can cause significant confusion and harm upon creditors. The court in In re Dorff, 480 B.R. 919 (Bankr. E.D. Wis. 2012) explored this issue quite articulately. In that case, the court dismissed a bankruptcy petition when the debtor failed to pay the filing fee. The debtor then paid the full chapter 7 filing fee twenty-one days late and filed a motion to vacate the dismissal order. The court did not vacate the dismissal order even though the fee had been paid in full. The court stated that granting the motion "would create numerous

---

[8] In Pelican, the district court entered default judgment against a plaintiff when its lawyer apparently abandoned the litigation and failed to oppose a motion to dismiss the case and a motion for summary judgment. The plaintiff later filed a motion to set aside the default judgment asserting that "it had received no notice from [the former lawyer] of the recently granted motion to dismiss, had no communication whatsoever from [the former lawyer] on the matter, and that [the plaintiff] did not become aware of the default judgment until nearly a month after it was entered." Id. at 1144-45. The district court denied the motion and stated that "Rule 60(b) is 'not a vehicle for an attorney's carelessness . . . .'" Id. at 1145. The court of appeals affirmed and stated (among other things): "There is simply nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court. Moreover, we find nothing unfair about requiring a party to be bound by the actions of his attorney-agent." Id. at 1147.

inefficiencies for the court system and could be highly prejudicial to creditors." Id. at 924. The court stated:

> In examining whether "excusable neglect" is present, it also is proper to consider the delay's potential impact on judicial proceedings. Pioneer Inv. Servs., 507 U.S. at 395. Processing a Chapter 7 filing, dismissing it, and then reinstating the case imposes a burden on the Court, the Trustees, and the bankruptcy process. New deadlines for discharge and dischargeability objections and § 707(b) dismissal motions need to be established. If the meeting of creditors has not been held, it must be scheduled. Additional notices must be sent to creditors, creating the possibility of confusion. Reinstating a dismissed case has the potential to create significant predicaments — if the debtor incurred new debt between the petition and the reinstatement, is that debt subject to discharge? What happens to assets the Debtor obtains between the date of dismissal and the date of reinstatement? Since dismissal of the case ends the Trustee's avoidance powers under § 546(a)(2), does reinstatement revive those powers? Even assuming it does, if the Debtor transfers assets between dismissal and reinstatement, can the Trustee recover the transfer, and on what theory?
>
> Similarly, § 362(c)(2)(B) provides that dismissal terminates the automatic stay. At least one court has held that reinstatement of the case does not reinstate the automatic stay. See Nicholson v. Nagel (In re Nagel), 245 B.R. 657, 662 (D. Ariz. 1999) (purported reinstatement of a bankruptcy case did not have the effect of reviving the automatic stay). And numerous courts have held that the stay cannot be reinstated retroactively to the date of dismissal. See Singleton, 358 B.R. 253 at 259 (D.S.C. 2006) (collecting cases). As the court noted in In re Bailey, 2009 Bankr. LEXIS 3413, at *5 (Bankr. N.D. Ga. Sept. 3, 2009):
>
>> In the time between the dismissal of the case and the filing of the motion [to vacate the dismissal], creditors may have taken steps to exercise their nonbankruptcy rights on the (rightful) assumption that a case is dismissed. Further, to the extent deadlines for filing proofs of claim or objecting to dischargeability of debts have **10] lapsed while the case stands dismissed, such deadlines must be extended, leading to potential confusion for creditors. Rule 60(b) is not an opportunity for a debtor to 'try again' when there has been no demonstrable prosecution of the case.
>
> See also Aheong v. Mellon Mortg Co. (In re Aheong), 276 B.R. 233, 243 (B.A.P. 9th Cir. 2002) (Unlike an order reopening a bankruptcy case, which does not undo any of the statutory consequences of closing, vacating an order of dismissal would have "potentially enormous, highly disruptive, and unintended consequences"). **In short, granting the Debtor's Motion would create numerous inefficiencies for the court system and could be highly prejudicial to creditors.**

Id. at 923-24 (emphasis added).

      Other cases mention similar problems. <u>In re Bailey</u>, 2009 Bankr. LEXIS 3413, *5 (Bankr. N.D. Ga. 2009) (denying a motion by chapter 13 debtors to vacate a dismissal order and finding that relief under Rule 60(b) was not warranted because (among other things) "the delay in filing the motion – four weeks after the dismissal of the case – weighs against relief [because] [i]n the time between the dismissal of the case and the filing of the motion, creditors may have taken steps to exercise nonbankruptcy rights on the (rightful) assumption that a case is dismissed.  Further, to the extent deadlines for filing proofs of claim or objecting to dischargeability of debts have lapsed while the case stands dismissed, such deadlines must be extended, leading to potential confusion for creditors.  Rule 60(b) is not an opportunity for a debtor to 'try again' when there has been no demonstrable prosecution of the case."); <u>Johnson v. Countrywide Home Loans (In re Johnson)</u>, 1999 Bankr. LEXIS 849, *10 (Bankr. W.D. Tenn. 1999) ("The parties are not disputing the appealability of the reinstatement order; they dispute its legal effect on the previously conducted foreclosure sale."); <u>In re McDonald</u>, 2011 Bankr. LEXIS 4638 (Bankr. E.D.N.C. 2011) (denying a motion to vacate an order dismissing a chapter 13 case which was dismissed because the debtor missed plan payments and concluding the motion to vacate was pointless because the secured creditor had already completed a foreclosure sale immediately upon the dismissal of the case); <u>In re Garcia</u>, 434 B.R. 638 (Bankr. D.N.M. 2010) (declining to vacate an order dismissing a chapter 13 case and stating: "Furthermore, an order of dismissal is a directive by the Court to the world that a debtor's bankruptcy protection has ended.").

      As a result of various potential problems, many courts have encouraged debtors to simply file a new case rather than attempt to resurrect an old one.  Vacating a dismissal order can have multiple harmful impacts.

### VI. OBSERVATION FOR FUTURE ACTION.

      In closing, the Court has a final observation that may be helpful for the future.  Debtors should consider not filing incomplete petitions in the first instance.  Filing incomplete petitions wastes a valuable opportunity.

1    Specifically, when a debtor files a petition, the clerk of the Court reviews the entire filing
2    package and determines whether the package is complete.  If any case initiation documents are
3    missing or unsigned, the clerk of the Court issues a detailed deficiency notice and advises debtors
4    that they have fourteen days to cure the deficiency.  When the deadline runs, the clerk of the Court
5    reviews any newly submitted documents and dismisses the case if any documents remain missing.
6    The Court does not issue a second round of deficiency notices.
7    This procedure provides a great benefit to debtors which should be used wisely.  If debtors
8    file all their case initiation documents at the beginning of the case and a mistake by a debtor
9    occurs, then the comprehensive review by the clerk of the Court will catch any errors or omissions
10   and provide notice of the deficiencies.  Debtors then have a second opportunity to fix any
11   omissions in the original package.  But this procedure only occurs once.
12   In other words, debtors have only one opportunity to submit a complete set of case
13   initiation documents (i.e. a set which they believe is complete) and have the Court notify them if
14   the set is incomplete.  That opportunity occurs on the petition date.  The Court does not do this
15   twice.
16   Unfortunately, when debtors intentionally file an incomplete set of documents on the
17   petition date, they lose a valuable opportunity.

### VII. CONCLUSION.

20   The Court has sympathy for the Debtor regarding the outcome in this case.  It is not ideal.
21   But, likewise, the Court is also sympathetic when a creditor misses a deadline to file a complaint
22   by twenty-six minutes or a trustee files an untimely objection to an exemption.  All of these
23   situations are unfortunate and courts must treat them with equal sympathy (as much as is
24   possible) in order to avoid institutional bias.
25   In grappling with the very important institutional goal of avoiding bias in favor of debtors
26   over creditors or trustees, the Court is not comfortable granting the Motion under the
27   circumstances of this case.  To do so would allow some to conclude that when it comes to
28   enforcing deadlines in bankruptcy cases, the courts treat debtors more favorably than creditors or

- 17 -

1  trustees.

2      Accordingly, for the reasons stated, the Motion is denied.  The Court will enter a separate

3  order consistent with this memorandum.

4  IT IS SO ORDERED.

###

Date: October 23, 2023

_____
Wayne Johnson
United States Bankruptcy Judge